1

2

3                             UNITED STATES DISTRICT COURT

4                           NORTHERN DISTRICT OF CALIFORNIA

5                                    EUREKA DIVISION

6

7    E.S. by and through his parents,              )   Case No.  1:10-cv-02245-NJV
                                                   )
8           Plaintiff,                             )   **ORDER DENYING DEFENDANT'S**
                                                   )   **MOTION TO DISMISS AND SETTING**
9     v.                                           )   **CASE MANAGEMENT CONFERENCE**
                                                   )
10   KONOCTI UNIFIED SCHOOL DISTRICT               )
                                                   )
11          Defendant.                             )
                                                   )
12                                                 )
                                                   )
13                                                 )

14          On September 17, 2010, Plaintiff filed a first amended complaint ("FAC") against

15   Defendant Konocti Unified School District alleging that Defendant failed to (1) identify and

16   evaluate Plaintiff as a disabled student in need of special education services, and (2) provide him

17   with the free and appropriate public education ("FAPE") and procedural safeguards to which he

18   was entitled.  Count One of the FAC appeals from a decision by the California Office of

19   Administrative Hearings ("OAH") in which the OAH ruled in favor of Defendant on Plaintiff's

20   claims under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400-

21   1485 ("IDEA") and CAL. EDUC. CODE § 56000.  Count Two of the FAC asserts a claim for

22   damages for violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("§ 504") and

23   its implementing regulations.  Both parties have consented to this Court's jurisdiction pursuant to

24   28 U.S.C. § 636(c).

25          On October 6, 2010, Defendant filed a motion to dismiss ("Motion") the entirety of the

26   FAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Defendant's Motion asserts that Plaintiff

27

28

                                                   1

1    has failed to exhaust his administrative remedies with regard to his claims under § 504, and that

2    both counts of the FAC fail to state a claim upon which relief can be granted.  For the reasons

3    stated herein, the Court finds that (1) Plaintiff has exhausted his administrative remedies as to his

4    claims under § 504, and (2) both counts of the FAC are sufficient under Fed. R. Civ. P. 12(b)(6)

5    to state a claim upon which relief can be granted.  Defendant's Motion is therefore DENIED.

6    **I.      Background**

7          Plaintiff alleges the following facts in his complaint, which the Court accepts as true for

8    the purposes of Defendant's motion to dismiss.  *Shah v. County of Los Angeles*, 797 F.2d 743,

9    745 (9th Cir. 1986).  Plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder

10   ("ADHD") at age 5.  FAC at 2.  At the time that Plaintiff's mother enrolled him in Defendant's

11   kindergarten in June of 2004, she advised Defendant of Plaintiff's ADHD diagnosis and

12   indicated a desire for Defendant to evaluate Plaintiff for an Individualized Educational Program

13   ("IEP").  *Id.* at 3.  Defendant failed to provide Plaintiff with any type of special education

14   assessment in 2004, and in doing so Defendant did not comply with the procedural safeguards

15   (i.e., notice requirements) mandated by the IDEA.  *Id.* at 3-4.

16         From 2004 through 2008, the manifestations of Plaintiff's ADHD thwarted his ability to

17   thrive socially while enrolled in Defendants general educational program.  *Id*. at 4.  From 2005

18   through 2008, Plaintiff was repeatedly disciplined by school personnel for emotional outbursts as

19   well as defiant, disruptive, aggressive and otherwise inappropriate behavior, all of which are

20   common manifestations of ADHD.  *Id.* at 4-6.  During this time, Defendant's personnel noted

21   that Plaintiff was inattentive, highly distractible, had a low frustration tolerance, exhibited

22   problems with resiliency and interpersonal relationships, and experienced social stress.  *Id.* at 5.

23   Beginning in third grade, Plaintiff's grades and tests scores began to decline.  *Id*.  Although

24   Plaintiff's parents asked Defendant to provide Plaintiff with special education services to help

25   address the manifestations of his ADHD, Defendant declined to do so, stating that Plaintiff's

26   behavior was volitional and he therefore did not qualify for such services.  *Id.* at 6.

27

28

1    As the result of the decline in Plaintiff's grades and his parents' continued requests for

2  Defendant to provide Plaintiff with special education services, a meeting was held in January of

3  2008 to discuss Plaintiff's behaviors and their adverse effects on his academic achievement.  *Id.*

4  The result of the meeting was the implementation of a "504 Plan" designed to address the

5  limitations on Plaintiff's academic achievement and social development resulting from his

6  ADHD.  *Id.* at 6-7.  At the time that the 504 Plan was implemented, Defendant did not comply

7  with the procedural safeguards or notice requirements mandated by the IDEA.  *Id*. at 7.  Both

8  Plaintiff's third grade teacher and his parents reported that his maladaptive behavior worsened

9  after the implementation of the 504 Plan.  *Id*.  Nevertheless, Defendant continued to refuse to

10  evaluate Plaintiff for an IEP and/or the provision of other special education services.  *Id.* at 7-8.

11    On July 27, 2009, Plaintiff's mother requested a due process hearing pursuant to 20

12  U.S.C. § 1415(b).  *Id.* at 8.  The hearing request claimed, *inter alia*, that Defendant failed to

13  comply with the "child find" requirements of the IDEA, Defendant violated Plaintiff's rights to a

14  FAPE, and that Defendant violated § 504.  *Id*.  The OAH dismissed Plaintiff's § 504 claims,

15  stating that it lacked jurisdiction to hear them.  *Id*.  After an initial hearing, the OAH determined

16  that Plaintiff's claims for the 2004-2005, 2005-2006 and 2006-2007 school years were time-

17  barred by the applicable two-year statute of limitations.  *Id*.  After a four-day hearing, the OAH

18  rendered a decision against Plaintiff on all of his remaining claims.  *Id.* at 9.

19  **II.    Legal Standards**

20    **A.    Rule 12(b)(1) Subject Matter Jurisdiction**

21    Federal subject matter jurisdiction must exist at the time an action is commenced. *See*

22  *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376,

23  1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006, 109 S. Ct. 787, 102 L. Ed. 2d 779 (1989).

24  Dismissal is necessary when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ.

25  P.  12(b)(1).  Because subject matter jurisdiction goes to the power of the court to hear a case, a

26  Rule 12(b)(1) challenge should be decided before other grounds for dismissal, which are moot if

27

28

3

1   jurisdiction is lacking. *See Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir.1975), cert. denied,

2   423 U.S. 874, 96 S. Ct. 143, 46 L. Ed. 2d 106 (1975).

3          Although the defendant has moved for dismissal, the plaintiff has the burden of

4   establishing subject matter jurisdiction.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221,

5   1225 (9th Cir. 1989).  The court presumes a lack of subject matter jurisdiction until the plaintiff

6   meets his burden of establishing subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); *see*

7   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 114 S. Ct. 1673, 128 L. Ed. 2d

8   391 (1994).  The non-moving party must support its allegations with competent proof of

9   jurisdictional facts when a party moves for dismissal under Rule 12(b)(1). *See Thomson v.*

10  *Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942).

11         **B.        Rule 12(b)(6) Legal Sufficiency of a Claim**

12         A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests the legal sufficiency of a

13  claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because such a motion focuses

14  upon the legal sufficiency of a claim and not its substantive merits, "[o]rdinarily a court may

15  look only at the face of the complaint to decide a motion to dismiss."  *Van Buskirk v. Cable*

16  *News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *cf. Metzler Inv. GMBH v. Corinthian*

17  *Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (court may consider the complaint, materials

18  incorporated into the complaint by reference, and matters of which the court may take judicial

19  notice).

20         To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain a

21  "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

22  Civ. P. 8(a).  While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must

23  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

24  face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 570).  Facial plausibility is

25  established "when the plaintiff pleads factual content that allows the court to draw the reasonable

26  inference that the defendant is liable for the misconduct alleged."  *Id*.

27

28

1    When addressing a Rule 12(b)(6) motion to dismiss, allegations of material fact

2  contained in the complaint are taken as true and construed in the light most favorable to the non-

3  moving party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Further,

4  all inferences that may reasonably be drawn from the facts alleged are construed in favor of the

5  non-moving party.  *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day*

6  *Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).  Nevertheless, the court

7  need not accept as true conclusory allegations, unwarranted deductions or unreasonable

8  inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (internal

9  citation omitted).

10  **III.    Analysis**

11       **A.    Judicial Notice**

12    When addressing a Rule 12(b)(6) motion to dismiss, a court "may consider documents

13  whose contents are alleged in a complaint and whose authenticity no party questions, but which

14  are not physically attached to the plaintiffs' pleadings."  *In re Silicon Graphics Sec. Litig.*, 183

15  F.3d 970, 986 (9th Cir. 2000).  The Court will therefore take judicial notice of the OAH's

16  October 15, 2009 order in OAH Case No. 2009070974 granting in part and denying in part

17  Defendant's motion to dismiss (Docket No. 18); the OAH's November 12, 2009 order in OAH

18  Case No. 2009070974 (Attachment #1 to Docket No. 19); and the February 23, 2010 OAH

19  Decision in OAH Case No. 2009070974 (Attachment #2 to Docket No. 12).

20       **B.    Plaintiff Has Exhausted Administrative Remedies As To His § 504 Claims**

21    "If a plaintiff is required to exhaust administrative remedies but fails to do so, the federal

22  courts do not have jurisdiction to hear the plaintiff's claim."  *Blanchard v. Morton Sch. Dist.*,

23  420 F.3d 918, 920-21 (9th Cir. 2005).  It is widely recognized that § 504 complainants need not

24  exhaust administrative remedies prior to filing suit because the administrative procedures do not

25  provide for direct relief to individual victims.  BONNIE P. TUCKER & BRUCE A. GOLDSTEIN,

26  LEGAL RIGHTS OF PERSONS WITH DISABILITIES: AN ANALYSIS OF FEDERAL LAW 3:11-3:12 (1992)

27  (citing *Kling v. County of Los Angeles*, 633 F.2d 876 (9th Cir. 1980); *Greater Los Angeles*

28

5

1 *Counsel on Deafness, Inc. (GLAD) v. Community Television of Southern California*, 719 F.2d

2 1017 (9th Cir. 1983) *cert. denied*, 467 U.S. 152, 104 S. Ct. 3535, *reh'g denied*, 468 U.S. 1224

3 (1984); *see also Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990).  However, when a § 504

4 claim is brought in conjunction with a claim under another federal law that requires the

5 exhaustion of administrative remedies prior to filing suit (e.g., the IDEA), that exhaustion

6 requirement also applies to the § 504 claim.  20 U.S.C. § 1415(f); *Petersen v. Mt. Diablo Unified*

7 *School District*, 2004 WL 2980746, *6-7 (N.D.Cal. 2004) (IDEA-based claims under § 504

8 require exhaustion of IDEA administrative remedies).  In this case, the IDEA's exhaustion

9 requirements apply to Plaintiff's § 504 claims.  Indeed, Plaintiff does not dispute that he was

10 required to exhaust his administrative remedies prior to filing suit under § 504.  Opp'n at 23.

11       Defendants exhaustion argument appears to be that because Plaintiff's § 504 claim is

12 premised upon the same facts and circumstances that form the bases for Plaintiff's IDEA appeal

13 of the OAH's decisions, Plaintiff may not pursue his § 504 claims until that appeal is resolved.

14 Mot. to Dismiss at 21.  That is, Defendant appears to assert that the prosecution and resolution of

15 Plaintiff's IDEA appeal in this Court is part of the exhaustion of administrative remedies as to

16 Plaintiff's § 504 claims.  *Id.*  The Court finds no authority for this proposition, and Defendant's

17 citation to *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d

18 1376, 1380 (9th Cir. 1988) is unavailing.

19       The FAC states, and the OAH's orders and decision confirm, that (1) Plaintiff raised his §

20 504 claims at the due process hearing conducted by the OAH, and (2) the OAH dismissed those

21 claims stating that it lacked jurisdiction to hear them.  FAC at 8.  Plaintiff exhausted his

22 administrative remedies to the extent possible with regard to his § 504 claims, and the Court

23 therefore has subject matter jurisdiction over those claims.

24       **C.**    **Both Counts of the FAC Sufficiently State Claims Upon Which Relief Can Be**

25             **Granted**

26       Defendant's Motion asserts that (1) the OAH decision was correct and therefore the FAC

27 should be dismissed (2) the Court must deem the OAH's findings of fact to be correct; (3) the

28

6

1   Court should not consider additional evidence when addressing Plaintiff's appeal from the OAH

2   decision; (4) Plaintiff has the burden of proving that the OAH decision should be overturned; (5)

3   Plaintiff's complaint fails to sufficiently argue the merits of his claims; (6) Plaintiff can be

4   adequately served by Defendant's general education program with some modifications; (7)

5   Defendant followed the law; and (8) any failure by Defendant to follow the law was not

6   deliberate.  That is, although the purpose of a Rule 12(b)(6) motion is only to test the facial legal

7   sufficiency of the claims complaint, nearly the entirety of Defendant's Motion is dedicated to

8   attacking the merits of Plaintiff's claims.  Because the substantive merits are not properly before

9   the Court on a Rule 12(b)(6) motion, and are therefore denied; the Court will confine its analysis

10  and ruling herein to the legal sufficiency of Plaintiff's claims as stated in the FAC.  Defendant

11  may reassert its arguments as to the merits of Plaintiff's claims in the form of a motion for

12  summary judgment at the appropriate juncture of this litigation.

### 1.    Count One – Appeal of OAH Decision

14          Pursuant to 20 U.S.C. § 1415(i)(2)(A), Count One of the FAC appeals the decision

15  rendered by the OAH after the due process hearing.  Specifically, Count One of the FAC takes

16  issue with the following aspects of the OAH's decision: (1) the conclusion that Defendant did

17  not violate the IDEA's "child find" requirement;[1] (2) the conclusion that Defendant provided

18  Plaintiff with a "free and appropriate public education" ("FAPE") during the 2007-2008 school

19  year as required by the IDEA; [2] and (3) the hearing officer's refusal to apply the exception to the

20  statute of limitations found in 20 U.S.C. § 1415(f)(3)(D)(ii) to Plaintiff's claims arising from the

21  2004-2005, 2005-2006 and 2006-2007 school years.

22          The first two aspects of Count One are intertwined: Plaintiff asserts that Defendant's

23  failure to identify and evaluate him as a disabled student in need of special education services

24  (i.e., comply with the IDEA's child find requirement) resulted in Defendant's failure to provide

25  him with the free and appropriate public education that the IDEA requires.  The stated purpose of

26  

27  [1] *See* 20 U.S.C. § 1412(a)(3)(A); *see also* CAL. EDUC. CODE § 56301(a).
    [2] *See* 20 U.S.C. § 1400(d)(1)(A).

28

1  the IDEA is "to ensure that all children with disabilities have available to them a free appropriate

2  public education that emphasizes special education and related services designed to meet their

3  unique needs and prepare them for further education, employment, and independent living."  20

4  U.S.C. § 1400(d)(1)(A).  To that end, the child find requirement of the IDEA requires, *inter alia*,

5  that Defendant identify, locate and evaluate all children with disabilities, regardless of the

6  severity of their disabilities, who are in need of special education and related services.  20 U.S.C.

7  § 1412(a)(3)(A); CAL. EDUC. CODE § 56301(a).  The IDEA also requires that Defendant

8  develop, review and revise "[a]n individualized education program, or an individualized family

9  service plan […] for each child with a disability."  20 U.S.C. § 1412(a)(4).

10      The FAC contains sufficient factual allegations for Plaintiff's "child find" and FAPE

11  claims to pass muster under Rule 12(b)(6).  As detailed in Section I above, the FAC contains

12  facts that, if proven, show that Defendant (1) knew or had reason to suspect that Plaintiff had a

13  disability, and (2) had reason to believe that special education services may be necessary to

14  address Plaintiff's disability in order to provide him with access to a free and appropriate public

15  education.  *See* FAC at ¶¶ 6, 11, 13-17, 19-24, 27-34, 76-78, 80, 82-83, 99.  The FAC states that

16  Defendant was aware that the manifestations of Plaintiff's ADHD prevented him from

17  developing socially, resulted in frequent disciplinary action, and thwarted his academic progress.

18  *See* FAC at ¶¶ 12-16, 19-22, 28, 30.  Plaintiff has also alleged that, despite these facts and related

19  requests from Plaintiff's parents, Defendant repeatedly refused to evaluate Plaintiff for, or

20  provide him with, special education services.  *See* FAC at ¶¶ 11, 23-24, 26, 29, 32-34.  These

21  allegations are sufficient to state facially plausible claims that the OAH erred in finding that

22  Defendant did not violate its "child find" and FAPE obligations under the IDEA.

23      The third aspect of Count One asks the Court to revive Plaintiff's "child find" and

24  "FAPE" claims for the 2004-2005, 2005-2006 and 2006-2007 school years due to Defendant's

25  alleged failure to provide the notice required by 20 U.S.C. §§ 1415(b)(3) and (c)(1).[3]  *See* 20

26

27  [3] 20 U.S.C. § 1415(b)(3) requires "[w]ritten prior notice to the parents of the child, in accordance with subsection (c)(1), whenever the local educational agency […] proposes to initiate or change; or […] refuses to initiate or

28

1  U.S.C. § 1415(f)(3)(D)(ii) (stating exception to statutory timeline for requesting due process

2  hearing when parent was prevented from requesting hearing in a timely manner due to local

3  educational agency failure to provide parent with required information).  As detailed in Section I

4  above, Plaintiff has pled that Defendant neglected to provide the notice required by the IDEA's

5  procedural safeguard provisions such that the OAH should have applied the exception to the two

6  year statute of limitations to Plaintiff's claims that arise from the 2004-2005, 2005-2006 and

7  2006-2007 school years.  *See* FAC at ¶¶ 11, 29, 64, 80-86.  These allegations are sufficient to

8  state a facially plausible claim that the OAH erred in dismissing those claims for Plaintiff's

9  failure to assert them within the time provided by the applicable statute of limitations.

10              **2.      Count Two – Violation of § 504 and Implementing Regulations**

11        Count Two of the FAC alleges violations of § 504 of the Rehabilitation Act and its

12  implementing regulations.  Section 504 of the Rehabilitation Act of 1973 states "[n]o otherwise

13  qualified individual with a disability […] shall, solely by reason of her or his disability, be

14  excluded from the participation in, be denied the benefits of, or be subjected to discrimination

15  under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).

16  Section 504 applies to all public schools that receive federal financial assistance.  *Mark H. v.*

17  *Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008).  To state a claim under § 504, a plaintiff must

18  allege that: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the

19  benefit at issue; (3) he was denied the benefits of the program solely by reason of his disability;

20  and (4) the program receives federal financial assistance."  *Duvall v. County of Kitsap*, 260 F.3d

21

22

23  change, the identification, evaluation, or educational placement of the child, or the provision of a free appropriate
public education to the child.  20 U.S.C. § 1415(c)(1) states that the written prior notice required by § 1415(b)(3)

24  must contain a description of the action proposed or refused by the agency; an explanation of why the agency
proposes or refuses to take the action and a description of each evaluation procedure, assessment, record, or report

25  the agency used as a basis for the proposed or refused action; a statement that the parents of a child with a disability
have protection under the procedural safeguards of this subchapter and, if this notice is not an initial referral for
evaluation, the means by which a copy of a description of the procedural safeguards can be obtained; sources for

26  parents to contact to obtain assistance in understanding the provisions of this subchapter; a description of other
options considered by the IEP Team and the reason why those options were rejected; and a description of the factors

27  that are relevant to the agency's proposal or refusal.

28

1124, 1135 (9th Cir. 2001); *see also Mark H.*, 513 F.3d at 937 (violation of § 504 can be shown by denial of reasonable accommodation).  Plaintiff has adequately pled all of these elements in the FAC.  *See* FAC at ¶¶ 1, 2, 5-10, 18-26, 32-34, 74-78, 85.

In order to state a claim for a violation of § 504's implementing regulations, a plaintiff must allege "precisely which 504 regulations are at stake and why."  *Mark H.*, 513 F.3d at 924. Although § 504 of the Rehabilitation Act does not itself require a FAPE or procedural safeguards, its implementing regulations do.  *See* 34 C.F.R. § 104.33 (requiring recipients of federal funds to provide a FAPE to qualified handicapped individuals); 34 C.F.R. § 104.36 (requiring a system of procedural safeguards similar to those found in IDEA).  Section 504's implementing regulations also contain evaluation and placement requirements that are similar to those found in the IDEA.  *See* 34 C.F.R. § 104.35.  Section 104.35 requires recipients of federal funds to, *inter alia*, "conduct an evaluation […] of any person who, because of handicap, needs or is believed to need special education or related services before taking any action with respect to the initial placement of the person in regular or special education and any subsequent significant change in placement."  *Id.*  That same regulation sets forth detailed placement procedures that must be followed upon completion of the required evaluation.  *See* 34 C.F.R. § 104.35(c).  The FAC pleads sufficient facts to state facially plausible claims that Defendant violated the FAPE, evaluation and placement, and procedural safeguard requirements found in 34 C.F.R. §§ 104.33, 104.35 and 104.36, respectively.  *See* FAC at ¶¶ 96-101 (§ 104.33); ¶¶ 88-93 (§ 104.35); and ¶¶ 11, 29, 64, 79-87 (§ 104.36).

A plaintiff may prevail on a § 504 claim for damages by establishing that an organization that receives federal funds violated § 504 "intentionally or with deliberate indifference."  *Mark H.*, 513 F.3d at 938.  In order to recover monetary damages under the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant.  "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially

1   likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139

2   (9th Cir. 2001).  Plaintiff has pled sufficient facts that, if taken as true, establish that Defendant

3   (1) was aware that Plaintiff is disabled; (2) knew that the manifestations of Plaintiff's disability

4   were substantially likely to harm his ability to receive the benefits of the public education to

5   which he was entitled; and (3) repeatedly failed to act upon that likelihood.  *See* FAC at ¶¶ 6, 11,

6   13-17, 19-24, 27-34, 76-78, 80, 82-83, 99.  Accordingly, Plaintiff has adequately pled the

7   requisite element of deliberate indifference.

8            Finally, Defendant argues that, by virtue of the doctrine of collateral estoppel, the OAH

9   decision below bars Plaintiff's § 504 claims. This is clearly not the case, as the OAH declined to

10  address the merits of those claims.  "In order for collateral estoppel to apply, the issue to be

11  foreclosed in the second litigation must have been litigated and decided in the first case." *Steen v.*

12  *John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 912 (9th Cir. 1997) (internal citations omitted);

13  *see also Durkin v. Shea & Gould*, 92 F.3d 1510, 1515-16 (9th Cir.1996) (collateral estoppel

14  requires "a final judgment on the merits").  Defendant's collateral estoppel argument is without

15  merit.

16
**IV.    Conclusion**
17
         In light of the foregoing, the Court finds that Plaintiff has exhausted his administrative
18
remedies as to his claims under § 504 of the Rehabilitation Act, and that the FAC states
19
sufficient factual allegations under both the IDEA and § 504 for all of Plaintiff's claims to
20
withstand muster under Fed. R. Civ. P. 12(b)(6).  Defendant's motion to dismiss is therefore
21
DENIED.
22
         An initial case management conference will be held on Tuesday, January 4, 2011 at 2:00
23
p.m. at the Eureka Federal Courthouse.  The parties' case management statement is due no later
24
than December 28, 2010.
25
///
26

27

28

11

1

2          IT IS SO ORDERED.

3

4   DATED: November 16, 2010          _____

5                                     The Honorable Nandor J. Vadas
                                      United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28